IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID RUCKER, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. |
| v. | ) ) | |
| BUSHUE HUMAN RESOURCES, INC. | ) ) | JURY DEMANDED |
| Defendant. | ) | |

## COMPLAINT

Plaintiff David Rucker files this complaint against Defendant Bushue Human Resources, Inc. ("BHR") for its violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). BHR provided stale and inaccurate background report information to Plaintiff's potential employer, in contravention of the FCRA's accuracy and reasonable procedure requirements, causing significant prejudice to Plaintiff.

### *Parties*

1. Plaintiff is a citizen of the State of Illinois who used to reside within this district.

2. Defendant BHR is an Illinois corporation with a principal office located in Effingham, Illinois. BHR, doing business as Bushue Background Screening, provides a variety of screening and fingerprinting services to employers, including but not limited to criminal record database searches and background checks.

### *Jurisdiction and Venue*

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under 15 U.S.C. § 1681 *et seq.*

1

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). The activities giving rise to Plaintiff's cause of action occurred here based upon Defendant's use of Cook County, Illinois records from when Plaintiff resided in this district.

### *Factual Allegations*

**Plaintiff's Background Check**

5. On or about March 28, 2022, in connection with his application for employment with Quality Network Solutions, Plaintiff filled out a "Bushue Background Screening" applicant form.

6. BHR's form advised Plaintiff that it would be pulling consumer reports and other public record information, including criminal court records, in connection with Plaintiff's job application.

7. Plaintiff was not concerned with the criminal background search as, back in 2008, he had already obtained a Cook County court order sealing his only criminal record – a 2003 misdemeanor conviction. In fact, Plaintiff had previously been approved as a substitute teacher and no criminal record had been flagged during that earlier background screening process.

8. On or about April 1, 2022, Quality Network Solutions extended a job offer to Plaintiff, contingent upon a clear background check.

9. Plaintiff accepted the offer and gave notice to his current employer.

10. On or about April 11, 2022, Quality Network Solutions informed Plaintiff that his background report from BHR reflected two felony counts and therefore, that the job offer was rescinded.

11. Plaintiff immediately disputed the information and on or about April 12, 2022, BHR provided Quality Network Solutions with a revised report containing no criminal history.

12. In a letter to Plaintiff, BHR admitted that the background report originally provided to Quality Network Solutions was incorrect. BHR noted that the 2003 Cook County criminal case information originally provided was no longer publicly available as it had been "sealed/expunged."

13. BHR's original report not only contained outdated and previously sealed/expunged information but it was also inaccurate and incomplete. The Cook County criminal court record in BHR's possession prior to reporting to Plaintiff's employer already demonstrated that, (a) no felony count was ultimately prosecuted against Plaintiff, (b) Plaintiff served probation satisfactorily for a misdemeanor, and (c) Plaintiff's request to seal/expunge was granted.

14. Plaintiff was not able to secure a new offer for employment from Quality Network Solutions as the damage caused by BHR's initial incorrect report was irreversible. He lost the job opportunity and the chance to earn an annual salary as he had previously been working part-time on an hourly basis.

15. Plaintiff suffered actual damages as a result of these actions, omissions, and inaction by BHR in the form of: loss of opportunity, loss of money, invasion of privacy by having to discuss this problem with others, personal embarrassment related to disclosure of a criminal history and the consequences from it, loss of personal reputation in the eyes of others, loss of productive time which was instead spent trying to fix the problem, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

16. Plaintiff's injuries are concrete. BHR's conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation. Furthermore,

Congress enacted the FCRA to protect consumers from precisely the conduct described in this Complaint. Congress found that "unfair credit reporting methods undermine the public confidence…" Consequently, the FCRA was enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy, and to ensure "that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy" because "consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers." The alleged transgressions by BHR would, if left unchecked in a competitive marketplace, naturally propagate had Congress not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

### BHR's Consumer Reporting Practices

17. At all times relevant to Plaintiff's complaint, BHR was a "consumer reporting agency," as that term is defined by 15 U.S.C. § 1681a(f) of the FCRA; *i.e.*, "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."

18. BHR offers: "SSN Trace, Nationwide Criminal History, County Criminal Records, Federal Court Records, Motor Vehicle Reports, Employment Verification, Education Verification, Professional License Verification, Medical Sanctions, Credit History Check, Government Fraud List Verification, and more."
https://www.bushuebackgroundscreening.com/background-screening/faq.

19. BHR identifies itself as a "consumer reporting agency" in its letter to Plaintiff, stating, among other items, "[W]e the consumer reporting agency will notify any person who received your consumer report with deleted information for employment purposes within the last two years, or for any other purpose within the past 6 months, that the item was deleted or modified."

20. As a consumer reporting agency, BHR is regulated by the FCRA, which governs how it collects, maintains, and discloses consumer information and public records to third parties.

21. BHR obtains public record information, including criminal record history, from third party databases and courthouses and maintains such data in consumer files that it creates, assembles, and then sells to potential employers investigating job applicants' backgrounds.

22. However, BHR inaccurately reported sealed/expunged information that had already been ordered to be removed from the public record.

## COUNT I
### *Violations of the Fair Credit Reporting Act*

23. Plaintiff restates, realleges, and incorporates herein by reference the foregoing paragraphs as if set forth fully herein.

24. The FCRA requires BHR to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom BHR's consumer report relates. *See* 15 U.S.C. § 1681e(b).

25. Despite the requirements of 15 U.S.C. § 1681e(b), BHR's policy and practice is to fail to timely update the criminal record information it obtains, causing sealed/expunged information to appear when it should have been eliminated.

26. BHR's failure causes the final disposition of criminal cases to not be accurately reported. In Plaintiff's case, BHR's report of a sealed/expunged case deprived him of a report that he has no criminal record and cost him a job.

27. Plaintiff successfully petitioned a Cook County court and obtained deletion of negative criminal background history and was therefore severely prejudiced in his ability to obtain employment because of BHR's failure to accurately report. Even though the negative information no longer appears in the public record, BHR still sent it to Plaintiff's potential employer.

28. Defendant BHR is a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

29. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

30. Under 15 U.S.C. §§ 1681n and 1681o, Defendant is liable to the Plaintiff for willfully and/or recklessly failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom a consumer report relates, in violation of § 1681e(b).

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and against Defendant Bushue Human Resources, Inc., and award damages as follows:

(A) Actual damages or damages of not less than $100 and not more than $1,000, pursuant to 15 U.S.C. § 1681n;

(B) Actual damages, pursuant to 15 U.S.C. § 1681o;

(C) Punitive damages pursuant to 15 U.S.C. § 1681n;

(D) Reasonable attorneys' fees, litigation expenses, and costs incurred in bringing this action; and

(E) Any other relief this Court deems appropriate and just under the circumstances.

## JURY TRIAL DEMANDED

                Respectfully submitted,

                By: /s/ *Stacy M. Bardo*
                One of Plaintiff's Attorneys

Stacy M. Bardo
Bardo Law, P.C.
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
(312) 219-6980
stacy@bardolawpc.com

Stephanie Tatar
Tatar Law Firm, APC
3333 Warrenville Road, Suite 200
Lisle, Illinois 60532
(312) 423-4994
stephanie@thetatarlawfirm.com

## DOCUMENT PRESERVATION DEMAND

      Plaintiff hereby demands that the Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff and the events described herein. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials.

                By: /s/ *Stacy M. Bardo*
                One of Plaintiff's Attorneys